IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| DAYTREON D. PETTIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case No. 19-cv-1342-NJR |
| | ) | |
| | ) | |
| LIEUTENANT HAMILTON and | ) | |
| C/O ASHMORE, | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

Plaintiff Daytreon D. Pettis, an inmate of the Illinois Department of Corrections ("IDOC") who is currently incarcerated at Shawnee Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. In the Complaint, Plaintiff alleges the defendants used excessive force on him in violation of the Eighth Amendment. Plaintiff seeks monetary damages.

This case is now before the Court for preliminary review of the Complaint pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b).

1

## The Complaint

Plaintiff makes the following allegations in the Complaint: On March 1, 2018, Plaintiff got into a fight with another inmate (Doc. 1, p. 6). Plaintiff and the inmate were separated, and Plaintiff was taken to the healthcare unit to be treated for injuries he received during the fight. The other inmate spoke to Lieutenant Hamilton and Correctional Officer ("C/O") Ashmore about the fight and they then approached Plaintiff and started calling him a bitch (*Id.*). Plaintiff responded that they were the bitches, and Hamilton and Ashmore attacked Plaintiff, punching him in the face and body, slamming his face into the ground, and choking him. Plaintiff was then taken by four officers to the segregation unit (*Id.*). The officers rammed Plaintiff's head into the door of the segregation building. He was placed in a segregation cell. He asked Major Farner and other correctional officers to take him to the healthcare unit but they refused (*Id.*). Hamilton threw a towel at Plaintiff, told him to wipe his face, and informed him that he was not going to the healthcare unit. Plaintiff believes that the other officers refused to provide him with medical care because Hamilton told them not to let him see the nurse (*Id.* at p. 7).

## Preliminary Dismissals

Plaintiff mentions in his statement of claims that a number of correctional officers and Major Farner failed to provide him with medical care after the incident with the defendants. He also mentions that two other correctional officers ran him into the segregation building door. He does not, however, identify any of these individuals as defendants in the caption of his case (Doc. 1, p. 1). Because Plaintiff fails to list any additional individuals in his caption, these individuals will not be treated as defendants in this case, and any claims against them should be considered dismissed without prejudice. *See Myles v. United States*, 416 F.3d 551, 551–52 (7th Cir. 2005) (defendants must be "specif[ied] in the caption").

In Plaintiff's request for relief portion of his Complaint, he seeks damages for violations of "my [First] Amendment to redress grievances." Plaintiff's allegations, however, fail to allege that the defendants used excessive force in retaliation for Plaintiff filing grievances, nor does he offer any allegations that would suggest defendants violated his First Amendment rights. Accordingly, any potential claim under the First Amendment is **DISMSISED without prejudice**.

### Discussion

Based on the allegations in the Complaint, the Court finds it convenient to divide the *pro se* action into the following two counts:

> **Count 1:** Lieutenant Hamilton and C/O Ashmore used excessive force on Plaintiff in violation of the Eighth Amendment.
>
> **Count 2:** Lieutenant Hamilton failed to provide him medical care after the incident in violation of the Eighth Amendment.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. **Any other claim that is mentioned in the Complaint but not addressed in this Order should be considered dismissed without prejudice as inadequately pled under the *Twombly* pleading standard.**[1]

### Count 1

At this stage, the allegations in the Complaint state a viable claim for excessive force against Hamilton and Ashmore. *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000).

---

[1] *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (an action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face").

**Count 2**

Plaintiff also states a viable claim for deliberate indifference against Hamilton. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Chatham v. Davis*, 839 F.3d 679, 684 (7th Cir. 2016); *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012) (delay in treatment).

**Disposition**

For the reasons stated above, Count 1 shall procced against Lieutenant Hamilton and C/O Ashmore. Count 2 shall proceed against Lieutenant Hamilton.

The Clerk of Court shall prepare for Defendants Hamilton and Ashmore: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the Complaint, and this Memorandum and Order to the defendants' place of employment as identified by Plaintiff. If a defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that defendant, and the Court will require that defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If a defendant can no longer be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the defendant's current work address, or, if not known, defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the Complaint and shall not waive filing a reply pursuant to 42 U.S.C. Section 1997e(g). **Pursuant to**

**Administrative Order No. 244, Defendants need only respond to the issues stated in this Merit Review Order**.

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, regardless of whether his application to proceed *in forma pauperis* is granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* Fed. R. Civ. P. 41(b).

**IT IS SO ORDERED.**

**DATED: 1/23/2020**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

## Notice to Plaintiff

The Court will take the necessary steps to notify the appropriate defendants of your lawsuit and serve them with a copy of your complaint. After service has been achieved, the defendants will enter their appearance and file an Answer to your Complaint. It will likely take at least **60 days** from the date of this Order to receive the defendants' Answer, but it is entirely possible that it will take **90 days** or more. When all the defendants have filed Answers, the Court will enter a Scheduling Order containing important information on deadlines, discovery, and procedures. Plaintiff is advised to wait until counsel has appeared for the defendants before filing any motions, to give the defendants notice and an opportunity to respond to those motions. Motions filed before defendants' counsel has filed an appearance will generally be denied as premature. **Plaintiff need not submit any evidence to the Court at this time, unless specifically directed to do so.**