IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DAYTREON D. PETTIS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.   19-cv-1342-RJD |
| ) | |
| LT. HAMILTON and C/O ASHMORE, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

**DALY, Magistrate Judge:**

This matter is before the Court on Defendants' Motion for Summary Judgment on the Issue of Exhaustion of Administrative Remedies (Doc. 26).   For the reasons set forth below, the Motion is **GRANTED**.

**Background**

Plaintiff Daytreon Pettis, an inmate in the custody of the Illinois Department of Corrections ("IDOC"), filed this lawsuit pursuant to 42 U.S.C. § 1983 alleging his constitutional rights were violated while he was incarcerated at Shawnee Correctional Center ("Shawnee").   In particular, Plaintiff alleges Defendants Lt. Hamilton and C/O Ashmore attacked him, punched him in the face and body, slammed him into the ground, and choked him.   Plaintiff's complaint was screened pursuant to 28 U.S.C. § 1915A and he was allowed to proceed on the following claims:

> Count One:   Lieutenant Hamilton and C/O Ashmore used excessive force on Plaintiff in violation of the Eighth Amendment.
>
> Count Two:   Lieutenant Hamilton failed to provide him medical care after the incident in violation of the Eighth Amendment.

Defendants filed a motion for summary judgment arguing Plaintiff failed to exhaust his

administrative remedies prior to filing this lawsuit on December 9, 2019.  In support of their motion, Defendants submit the declaration of Harry Allard, a Grievance Officer at Shawnee, and Debbie Knauer, a Chairperson of the Administrative Review Board ("ARB"), who assert that a check of their relevant records revealed no relevant grievances filed by Plaintiff prior to filing this lawsuit.  Knauer, however, attests that the ARB received one grievance from Plaintiff dated April 7, 2018 on March 4, 2020 that was returned without a decision on the merits because it was not submitted within the required timeframe.  In this grievance, Plaintiff sets forth the allegations included in his complaint.  There is no institutional response to this grievance.

Prior to the filing of Defendants' motion, Plaintiff filed a "Motion to Amend First Initial Complaint, Grievance Exhibit, Affidavit, and Memorandum of Law" (Doc. 24).  The Court construes this as a response to Defendants' motion as it relates to the issue of exhaustion of administrative remedies.  In this filing, Plaintiff asserts he submitted a grievance to Shawnee staff officials or his counselor on April 7, 2018, and it was returned back to him without a response from staff members.  Plaintiff admits he submitted his initial complaint on December 9, 2019 without completing the final steps of his grievance process.  Plaintiff explains that in February 2020 another inmate instructed him on how to submit his unanswered grievance to the ARB.

Pursuant to *Pavey v. Conley*, 544 F.3d 739 (7th Cir. 2008), the Court held a hearing on Defendants' motion on November 12, 2020.  At the hearing, Plaintiff testified that he wrote a grievance in April 2018.  He explained he made two copies of this grievance and placed the original in the grievance box for review by his counselor.  Plaintiff testified he never received any response to this grievance, either written or oral.   Plaintiff also testified this grievance was never returned to him.  Plaintiff set forth ambiguous and sometimes confusing and contradictory testimony regarding his efforts to discuss this grievance with his counselor after he received no

response. Plaintiff first indicated he never spoke with a counselor about this grievance, but later indicated he stopped addressing the issue with his counselor because they had indicated they did not have the grievance and could not deal with it. Plaintiff also testified he wrote a request to his counselor about this grievance. According to Plaintiff, after he filed this lawsuit another inmate advised him he needed to send his grievances to Springfield (the ARB). Plaintiff then sent a copy of this grievance to the ARB for review, which, as set forth above, returned it without a decision on the merits.

Also at the hearing, Plaintiff testified that he attended orientation and received a manual, but did not read the "rulebook." Plaintiff testified he did not understand the grievance process, but believes it is sufficient to send a grievance to the counselor and ARB to have the grievance exhaust the administrative review process.

## **Legal Standards**

**Summary Judgment Standard**

Summary judgment is appropriate only if the moving party can demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986); *see also Ruffin-Thompkins v. Experian Information Solutions, Inc.*, 422 F.3d 603, 607 (7th Cir. 2005). The moving party bears the initial burden of demonstrating the lack of any genuine issue of material fact. *Celotex*, 477 U.S. at 323. Once a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). A genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Estate of Simpson v. Gorbett*, 863 F.3d 740, 745 (7th Cir. 2017) (quoting

*Anderson*, 477 U.S. at 248).  In considering a summary judgment motion, the district court views the facts in the light most favorable to, and draws all reasonable inferences in favor of, the nonmoving party.  *Apex Digital, Inc. v. Sears, Roebuck & Co.*, 735 F.3d 962, 965 (7th Cir. 2013) (citation omitted).

*Exhaustion Requirements*

Pursuant to 42 U.S.C. § 1997e(a), prisoners are required to exhaust available administrative remedies prior to filing lawsuits in federal court.  "[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies." *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002).  "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment."  *Perez v. Wisconsin Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999).  "[A]ll dismissals under § 1997e(a) should be without prejudice."  *Ford v. Johnson*, 362 F.3d 395, 401 (7th Cir. 2004).

An inmate in the custody of the Illinois Department of Corrections must first submit a written grievance within 60 days after the discovery of the incident, occurrence or problem, to his or her institutional counselor, unless certain discrete issues are being grieved.  20 ILL. ADMIN. CODE § 504.810(a).  If the complaint is not resolved through a counselor, the grievance is considered by a Grievance Officer who must render a written recommendation to the Chief Administrative Officer — usually the Warden — within 2 months of receipt, "when reasonably feasible under the circumstances."  *Id*. §504.830(e).  The CAO then advises the inmate of a decision on the grievance.  *Id.*

An inmate may appeal the decision of the Chief Administrative Officer in writing within

30 days to the Administrative Review Board for a final decision. *Id.* § 504.850(a); *see also Dole v. Chandler*, 438 F.3d 804, 806–07 (7th Cir. 2006). The ARB will submit a written report of its findings and recommendations to the Director who shall review the same and make a final determination within 6 months of receipt of the appeal. 20 ILL. ADMIN. CODE § 504.850(d) and (e).

An inmate may request that a grievance be handled as an emergency by forwarding it directly to the Chief Administrative Officer. *Id.* § 504.840. If it is determined that there exists a substantial risk of imminent personal injury or other serious or irreparable harm, the grievance is handled on an emergency basis, which allows for expedited processing of the grievance by responding directly to the offender. *Id.* Inmates may further submit certain types of grievances directly to the Administrative Review Board, including grievances related to protective custody, psychotropic medication, and certain issues relating to facilities other than the inmate's currently assigned facility. *Id.* at § 504.870.

## Discussion

Based on the record before the Court, and after consideration of the parties' arguments, the Court finds Plaintiff failed to exhaust his administrative remedies prior to filing this lawsuit.

It is undisputed that Plaintiff only submitted one grievance, dated April 7, 2018, addressing the claims in this lawsuit. Plaintiff claims he submitted this grievance to his counselor, but never received any response. Subsequently, after filing this lawsuit, another inmate advised Plaintiff he needed to submit it to the ARB. Plaintiff then sent it to the ARB in March 2020, and the ARB returned the grievance because it was submitted beyond the allowable timeframe. First, the Court does not credit Plaintiff's testimony concerning his efforts to submit this grievance to his counselor in April 2018. In Plaintiff's filing at Doc. 24, Plaintiff writes that "the grievance was

returned back to him unanswered by staff members." Plaintiff contradicted this writing with his testimony at the hearing, testifying he never received the grievance or any response from his counselor to the grievance. Moreover, Plaintiff's testimony concerning his efforts to follow-up with his counselor was ambiguous and vague, and sometimes contradictory. Based on Plaintiff's testimony, it is apparent Plaintiff does not clearly remember what efforts, if any, were made to address the response (or lack thereof) to this grievance. Thus, the Court does not find that Plaintiff timely submitted a grievance concerning the issues in this lawsuit to his counselor and was thwarted in his efforts to exhaust the same.

Moreover, the Court finds Plaintiff's statements regarding his lack of awareness of the grievance process to be unconvincing. First, there is evidence that Plaintiff received an orientation manual with instructions regarding the grievance process. Although Plaintiff represents he did not read the manual, ignorance (especially intentional ignorance) is not an excuse for compliance with the grievance process. Further, the grievance form submitted by Plaintiff clearly states that the grievance should be sent to the counselor and, subsequently, to the Grievance Officer if the issue is not resolved by a counselor (*see* Doc. 27-3 at 2). Thus, there is no excuse for Plaintiff's failure to adhere to the administrative process and the Court finds Plaintiff's efforts to exhaust insufficient.

## Conclusion

Based on the foregoing, Defendants' Motion for Summary Judgment for Failure to Exhaust Administrative Remedies filed Jeffreys (Doc. 26) is **GRANTED**. This matter is **DISMISSED WITHOUT PREJUDICE**. The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: November 13, 2020**

*s/ Reona J. Daly*
**Hon. Reona J. Daly
United States Magistrate Judge**